IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ANDRONICUS BERNARD LINZY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv153-MHT |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| PUBLIC HEALTH and | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES' CENTERS | ) | |
| FOR DISEASE CONTROL AND | ) | |
| PREVENTION, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

For 17 years, plaintiff Andronicus Bernard Linzy has

worked for defendant Centers for Disease Control and

Prevention (CDC).  From 2010 to 2018, he was assigned to

the Montgomery office of defendant Alabama Department of

Public Health (ADPH) as a public health advisor on

sexually transmitted disease prevention.  He has filed

suit against CDC and ADPH under Title VII of the Civil

Rights Act of 1964, as amended (42 U.S.C. § 2000e et

seq.), Section 504 of the Rehabilitation Act of 1973 (29

U.S.C. § 794), and the Americans with Disabilities Act
(ADA) (42 U.S.C. § 12101 et seq.).   The court's
jurisdiction is based on 28 U.S.C. § 1331, 42 U.S.C.
§ 2000e-5(f)(3), and 29 U.S.C. § 794a.   He claims that
CDC and ADPH discriminated against him on the basis of
race and disability when they declined to let him work a
10-hour, four-day work week, and that they retaliated
against him for his repeated accommodation requests by
transferring him to his current position in Pennsylvania.

The case is before the court on ADPH's motion to
dismiss and CDC's motion to dismiss or transfer venue to
the Northern District of Georgia.   For the reasons below,
the court will grant ADPH's motion in part, deny it in
part, and deny CDC's motion in full.

## I.   ADPH'S MOTION TO DISMISS

### A.   ADA and Section 504 Claims

ADPH moves to dismiss Linzy's ADA and Rehabilitation
Act claims against it as barred by the Eleventh
Amendment.   Linzy agrees that his ADA claim against ADPH

2

is barred; the court will grant this part of ADPH's motion. But the Eleventh Circuit has squarely held that Alabama state agencies have waived Eleventh Amendment immunity against claims under the Rehabilitation Act, so ADPH's motion to dismiss Linzy's Section 504 claim will be denied. *See Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1293 (11th Cir. 2003) (per curiam).

## B.  Title VII Claims

ADPH also moves to dismiss Linzy's Title VII claims on the ground that it cannot be liable because it was not Linzy's employer. ADPH argues that its motion should be evaluated under the legal standards of Federal Rule of Civil Procedure 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction on the theory that a defendant's status as the plaintiff's employer "is a threshold jurisdictional issue." ADPH's Reply in Supp. Motion to Dismiss (doc. no. 15) at 2-3 (quoting *Owens v. S. Dev. Council, Inc.*, 59 F. Supp. 2d 1210, 1213 (M.D.

3

Ala. 1999) (Thompson, J.)).  But since the Supreme Court's 2006 decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), in which it held that Title VII's employee numerosity requirement for employer status is non-jurisdictional, *see id.* at 516, the Eleventh Circuit and the Supreme Court have taken a narrow view of what prerequisites to bringing suit under federal statutes are jurisdictional.  *See, e.g.*, *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850 (2019) (holding that Title VII's charge-filing requirement "is not of jurisdictional cast"); *see also, e.g.*, *Corbett v. Transp. Sec. Admin.*, 767 F.3d 1171, 1176-77 (11th Cir. 2014); *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042-43 (11th Cir. 2008).  And contra ADPH's position, another judge in this court has specifically reasoned that a defendant's status as the plaintiff's employer is "a nonjurisdictional element of [the] substantive cause of action." *Kaiser v. Trofholz Techs., Inc.*, 935 F. Supp. 2d 1286, 1292 (M.D. Ala. 2013) (Fuller, J.).  This court agrees with the reasoning in *Kaiser* and, therefore,

**4**

evaluates ADPH's motion to dismiss under the standards of Rule 12(b)(6), not Rule 12(b)(1).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Linzy's complaint adequately alleges that ADPH was Linzy's joint employer with CDC. This allegation is supported by both the Terms of Assignment Agreement between ADPH and CDC and the EEOC charge leveled by Linzy against both entities.[1] See Terms of Assignment (doc. no. 10-1); EEOC Charge (doc. no. 10-2).

---

1. Both documents are appropriate for review at this stage because they are "(1) central to [Linzy's] claim

Whether a joint-employer relationship exists involves an "employee-specific" factual inquiry focused on the "total employment situation." *Peppers v. Cobb Cty.*, 835 F.3d 1289, 1300 (11th Cir. 2016). The "focal point of this inquiry is not which entity controlled the specific aspect of the relationship giving rise to the discrimination claim, but rather which entity or entities controlled the fundamental and essential aspect of the employment relationship when taken as a whole." *Id.* at 1301.

ADPH's role in defining Linzy's "total employment situation" was sufficiently substantial to support a plausible allegation that it was his joint employer for the purposes of Title VII. Per the Terms of Assignment Agreement, ADPH provided feedback to CDC regarding Linzy's duties and responsibilities, and it oversaw Linzy's employment on a "day-to-day" basis. Terms of Assignment (doc. no. 10-1) at 1-2. It determined the

_____

and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

work hours during which CDC's required 80-hour pay period could be satisfied. *Id.* at 2. And it was empowered to seek both discipline and removal of CDC employees who were assigned to it. *Id.* at 3.

ADPH makes much of the fact that it was not responsible for Linzy's compensation. *See* ADPH's Reply in Supp. Motion to Dismiss (doc. no. 15) at 8. But whether a purported employer is responsible for compensation "is not dispositive." *Peppers*, 835 F.3d at 1301. The fact that CDC paid Linzy does not prevent ADPH from also being his joint employer. Linzy need not allege that ADPH had control over every aspect of his employment, only that it "retained for itself sufficient control of the terms and conditions of employment." *Id.* at 1300 (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994)). That ADPH did not control Linzy's paycheck is overshadowed by the role it played in disciplinary matters, removal, daily feedback, and Linzy's work schedule. As a result, Linzy succeeds in alleging that ADPH was his joint employer, and the

court will deny ADPH's motion to dismiss his Title VII claims.

## II. CDC'S MOTION TO DISMISS OR TRANSFER

CDC moves to dismiss Linzy's ADA and Rehabilitation Act because, it argues, his requested accommodation of a 10-hour, four-day work week was unreasonable.  CDC also moves, in the alternative, to transfer this litigation to the Northern District of Georgia either for lack of venue in Alabama under Title VII's venue provision or pursuant to the convenience and interest-of-justice factors of 28 U.S.C. § 1404(a).  The court will consider each of these arguments in turn.

### A.  Motion to Dismiss ADA and Section 504 Claims

CDC argues that the ADA and Rehabilitation Act claims against it should be dismissed because Linzy has failed to allege plausibly that the accommodation he requested

was reasonable.[2]   CDC contends that the request for a four-day work week of 10-hour days was unreasonable as a matter of law because it says the purpose of the accommodation was to keep Linzy from having to drive back and forth to work five days a week and "[t]he CDC had no obligation to ease Linzy's chosen commute."   CDC Motion to Dismiss/Transfer (doc. no. 25) at 13.   The legal standard by which the court evaluates a Rule 12(b)(6) motion is set forth above.

Under the ADA, the statutory definition of a "reasonable accommodation" expressly includes "part-time

---

2.   CDC also argues that Linzy's complaint should be dismissed for "shotgun pleading" issues, namely that "it repeatedly incorporates not only all factual allegations of the Complaint into each Count but the factual basis and legal conclusions of each preceding Count as well." *See* CDC's Motion to Dismiss/Transfer (doc. no. 25) at 13-14.   Although the court agrees that the complaint is not well-drafted for this reason and others, the court is not currently concerned that this issue will meaningfully affect the subsequent proceedings in this case.   If this becomes a problem in the future, the court will take action at that point to resolve it.

or modified work schedules." 42 U.S.C. § 12111(9)(B).[3]
Moreover, Linzy alleges that he requested the
accommodation not simply to minimize his commute, but to
"enable him to attend weekly medical and physical therapy
appointments." Complaint (doc. no. 1) at ¶ 13. The
various out-of-circuit cases that CDC cites do not show
Linzy's allegation that he requested a modified work
schedule for his weekly doctors' appointments to be
unreasonable as a matter of law.

A requested accommodation may be unreasonable if it
would require the employer to "eliminate an essential
function of the plaintiff's job." *Holly v. Clairson
Indus., L.L.C.*, 492 F.3d 1247, 1256 (11th Cir. 2007)
(quoting *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220,
1229 (11th Cir. 2005)). "[W]hether a function is
essential is evaluated on a case-by-case basis." *Id.* at
1258. The inquiry is multifaceted and fact-intensive.

---

3. "The standard for determining liability under
the Rehabilitation Act is the same as that under the
Americans with Disabilities Act...." *Ellis v. England*,
432 F.3d 1321, 1326 (11th Cir. 2005).

Absent any controlling precedent demonstrating that the modified work schedule Linzy requested was unreasonable, it would be inappropriate for the court to resolve this issue on a motion to dismiss.  Under these circumstances, Linzy's factual allegations--that his five-day work schedule prevented him from attending doctors' appointments and that he worked a four-day schedule without issue from 2011 to 2016--are sufficient to make out a plausible claim that the accommodation he sought was a reasonable one.

### B.  Motion to Transfer

CDC moves to transfer this litigation to the Northern District of Georgia on two grounds.  First, it argues that the Middle District of Alabama is an inappropriate forum under Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3).  In the alternative, CDC argues that the case should be transferred under 28 U.S.C § 1404(a) for the convenience of the litigation and in the interests of justice.

11

When the propriety of a plaintiff's chosen forum is challenged as non-compliant with Title VII's venue provision, "[t]he plaintiff has the burden of showing that venue in the forum is proper." *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006). But for motions to transfer brought under § 1404(a), federal courts "grant considerable deference to a plaintiff's initial choice of forum." *APR, LLC v. Am. Aircraft Sales, Inc.*, 985 F. Supp. 2d 1298, 1303 (M.D. Ala. 2013) (Thompson, J.). Thus, "the burden is on the party requesting a § 1404(a) transfer to show that the forum it suggests is more convenient or that litigating the case there would be in the interest of justice." *Id.*

1. Venue Under Title VII

By the terms of the statute, claims under Title VII may be brought in one of four judicial districts: (1) "any judicial district in the State where the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such

12

practice are maintained and administered"; (3) where "the aggrieved person would have worked but for the alleged unlawful employment practice"; or (4) "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."  42 U.S.C. § 2000e-5(f)(3).

The first and third options both allow Linzy's suit to be brought in the Middle District of Alabama.  Linzy claims that the failure to grant his request for a 10-hour, four-day work week denied him a reasonable accommodation in violation of the ADA and the Rehabilitation Act.  The Equal Employment Opportunity Report of Investigation that CDC attached to its motion indicates that the decision to deny Linzy's first request for this accommodation was made "at the local level" by ADPH staff in Montgomery.  CDC Exhibit 1 (doc. no. 31-1) at 15.[4]  Alabama is therefore a state where at least some

---

    4.  When deciding issues of venue, "it is proper for a judge to consider facts outside of the pleadings and

part of the unlawful employment practice "is alleged to have been committed."  42 U.S.C. § 2000e-5(f)(3).

Moreover, Linzy alleges in his retaliation claim that he was transferred from Montgomery to Harrisburg, Pennsylvania because of his accommodation requests and the discrimination charge he filed with the EEOC.  CDC argues that this allegation does not provide a basis for venue because it says "Linzy was relocated due to his misconduct."  CDC's Motion to Dismiss/Transfer (doc. no. 25) at 9.  It would inappropriately decide the merits of Linzy's retaliation claim for the court to find that venue in Alabama is unavailable on that basis.  As such, Linzy's suit may be brought in Alabama under this prong of Title VII's venue provision as well.

---

to resolve factual disputes so long as the factual disputes do not decide the merits." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

## 2.   Transfer Under § 1404(a)

When evaluating a motion to transfer under § 1404(a), the court "may consider a broad range of factors, including:

> "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

*APR*, 985 F. Supp. 2d at 1303.

As mentioned above, "[t]he plaintiff's choice of forums should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). In this case, the other factors are close enough that they do not clearly outweigh Linzy's choice of this forum.

There are relevant witnesses in both forums.  Two CDC employees in Georgia and five ADPH employees in

15

Montgomery were involved in the decisions to deny Linzy's repeated accommodation requests.  *See* Pls.' Response to CDC's Motion to Dismiss/Transfer (doc. no. 30) at 8.[5] Although there are more witnesses numerically in Alabama, it is unclear from the facts which witnesses are the most important to Linzy's claims.  Linzy's initial accommodation request was made to his local supervisor, but subsequent requests were made to the CDC and addressed by staff in Georgia.  *See* CDC Exhibit 1 (doc. no. 31-1) at 4-5.  ADPH requested that Linzy be reassigned from Alabama--the action he challenges in his retaliation

_____

5.    In its reply brief, CDC contends Linzy has conceded that only the CDC employees are relevant witnesses, pointing to a sentence in Linzy's response in which he writes, in apparent reference to the CDC witnesses, "There are only two witnesses, from Plaintiff's perspective, who are relevant to this case." CDC's Reply in Supp. Motion to Dismiss/Transfer (doc. no. 32) at 5.  Although the sentence is so poorly crafted that it comes close to making this concession, in context it is clear that Linzy means he believes these two people are the only relevant witnesses *from the CDC*.  For future proceedings in this case, Linzy would do well to proofread his briefs for major admissions, and CDC would do well to avoid mischaracterizing the facts or Linzy's filings.

claim--but CDC employees were ultimately responsible for transferring him to Pennsylvania. *See id.* at 153-54.  On the whole, this factor is approximately in equipoise.

The location of relevant documents favors the Georgia forum.  It is undisputed that Linzy is employed by CDC and that all of his personnel records are in Atlanta. *See* Pls.' Response to Motion to Dismiss/Transfer (doc. no. 30) at 3, 6; CDC Exhibit 1 (doc. no. 31-1) at 4.

The convenience of the parties slightly favors Alabama.  The options are on par for the defendants: Georgia is more convenient for CDC, and Alabama is more convenient for ADPH.  Each forum is also more or less equally distant from Linzy, who lives in Florida.  *See* CDC's Motion to Dismiss/Transfer (doc. no. 25) at 5; *see also* Complaint (doc. no. 1) at ¶ 6.  However, Linzy has already obtained local counsel in Alabama, and he does not have counsel in Georgia.

The locus of operative facts is a close issue. Although the initial decision to deny Linzy's accommodation request occurred in Alabama, the final

decision about this request was made in Georgia, as was the decision to transfer him to Pennsylvania.  That said, the facts surrounding both decisions indicate that CDC made its determinations based on ADPH's actions.  CDC apparently discovered during a mediation process that it "could not force Alabama to change [Linzy's] schedule," so CDC "accepted" ADPH's decision to deny Linzy's accommodation request.  *See* CDC Exhibit 1 (doc. no. 31-1) at 14-15.  Similarly, his reassignment to Pennsylvania by CDC "was based on the ADPH written request" for his removal.  *Id.* at 153.

The remaining factors are largely uncontested by CDC, except by reiterating arguments from the factors already discussed.  *See* CDC's Motion to Dismiss/Transfer (doc. no. 25) at 10.  But, in sum, CDC has not shown that the factors "clearly outweigh[]" the deference accorded a plaintiff's choice.  *Robinson*, 74 F.3d at 260.  For this reason, the court will deny CDC's motion to transfer.

\* \* \*

Accordingly, it is ORDERED that:

18

(1)  Defendant Alabama Department of Public Health's motion to dismiss (doc. no. 9) is granted as to plaintiff Andronicus Bernard Linzy's ADA claim against it (part of Count 1) and is denied in all other respects.

(2)  Defendant Centers for Disease Control and Prevention's motion to dismiss or transfer (doc. no. 24) is denied in full.

DONE, this the 22nd day of October, 2020.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

19